```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

William Paul DeLong,

    Plaintiff,

    v.                        Case No. 2:18-cv-368

Commissioner of
Social Security,

    Defendant.

<u>OPINION AND ORDER</u>

    Plaintiff William Paul DeLong brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and disability insurance benefits. In a decision rendered on March 23, 2017, the ALJ found that plaintiff has severe impairments consisting of degenerative joint disease of the left knee and osteoporosis. PAGEID 50. The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform a reduced range of medium work with specified physical limitations. PAGEID 51. Relying on the testimony of a vocational expert, the ALJ concluded that there are jobs which plaintiff can perform and that plaintiff is not disabled. PAGEID 55-56.

    This matter is before the court for consideration of plaintiff's February 15, 2019, objections to the February 1, 2019, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

<u>I. Standard of Review</u>

    If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of

those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

Plaintiff objects to the conclusion of the magistrate judge that the ALJ provided good reasons for assigning less than controlling weight to the opinions of Dr. Divakor S. Bangera, M.D., plaintiff's general physician. On May 16, 2014, Dr. Bangera completed a restrictions form for Liberty Mutual Insurance in which he opined that plaintiff was capable of performing medium work on a full-time basis. The ALJ gave some weight to this opinion. Dr.

Bangera later completed a residual functional capacity form on April 13, 2015. Dr. Bangera concluded that plaintiff: could not stand or sit for six to eight hours; could sit for half an hour and then get up and walk; could walk one-fourth mile without stopping; could rarely reach above his shoulders or down towards the floor, but could reach to waist level; could lift and carry less than five pounds; could rarely bend; and would not be able to return to work. The ALJ gave little weight to this opinion. Plaintiff's argument focuses primarily on Dr. Bangera's 2015 opinion.

Treating-source opinions must be given "controlling weight" if: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. §404.1527(c)(2); Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *2-3 (Soc. Sec. Admin. July 2, 1996). If the opinion of the treating doctor does not meet these "controlling weight" criteria, this does not mean that the opinion must be rejected; rather, it "may still be entitled to deference and be adopted by the adjudicator." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *1. If the Commissioner does not give a treating-source opinion controlling weight, then the opinion is weighed based on factors such as the length, frequency, nature, and extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. 20 C.F.R. §404.1527(c)(2)-(6); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, the ALJ is not required to address each of these factors in the written decision. *Tilley v. Comm'r of*

3

*Soc. Sec.*, 392 F.App'x 216, 222 (6th Cir. 2010).

The Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. §404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96-2p, 1996 WL 374188 at *5; *Rogers*, 486 F.3d at 242. However, the failure to cite specific evidence does not indicate that it was not considered. *Simons v. Barnhart*, 114 F.App'x 727, 733 (6th Cir. 2004).

The court agrees with the conclusion of the magistrate judge that the ALJ provided good reasons for assigning little weight to the 2015 opinion of Dr. Bangera. The ALJ observed that although Dr. Bangera identified some of plaintiff's symptoms and diagnoses, he did not point to any objective findings or evidence in his examination notes to support the limitations he proposed. PAGEID 54. *See Price v. Comm'r Soc. Sec. Admin.*, 342 F.App'x 172, 176 (6th Cir. 2009)(ALJ properly discounted treating physician's opinion where physician failed to provide any explanation for his responses to interrogatories regarding plaintiff's impairments). The ALJ also concluded that the limitations suggested by Dr. Bangera were not supported by the objective findings in the record. PAGEID 54. The ALJ noted that Dr. Bangera's examinations did not address plaintiff's knee problems with any specificity, as Dr. Bangera did not treat plaintiff's knee condition; rather, that condition was treated by plaintiff's orthopedist, Derek Andreini, M.D. PAGEID 54. The ALJ also relied on the fact that Dr. Bangera

4

did not explain why he returned plaintiff to medium work less than a year earlier (the May 16, 2014, restrictions form), but imposed more stringent lifting and carrying limitations in 2015. PAGEID 54. Dr. Bangera's failure to explain this inconsistency with his previous opinion was a legitimate factor for the ALJ to consider. *See Ledford v. Astrue*, 311 F. App'x 746, 754 (6th Cir. 2008).

The ALJ also referred to the inconsistency between the reaching limitations in the 2015 RFC form and a November, 2015, treatment note, attributed by the ALJ to Dr. Bangera, which contained no reaching limitations. PAGEID 54. The magistrate judge correctly noted that the November 23, 2015, treatment note, PAGEID 492, was actually a treatment note from Dr. Andreini. However, the ALJ's erroneous attribution of this record to Dr. Bangera does not warrant reversal. The inconsistency between Dr. Bangera's opinion limiting plaintiff's ability to reach and the opinion of Dr. Andreini, plaintiff's treating orthopedic specialist, who proposed no reaching limitations, still supports the ALJ's decision to accord little weight to Dr. Bangera's opinion. Further, the ALJ's other reasons for according little weight to Dr. Bangera's 2015 opinion, including lack of support from the objective evidence, constitute substantial evidence supporting that decision. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012)(affirming ALJ's decision despite an erroneous factual finding where the ALJ cited substantial legitimate evidence to support his conclusions).

Plaintiff argues that it was inconsistent for the ALJ to afford little weight to Dr. Bangera's 2015 opinion on the ground that Dr. Bangera did not cite objective evidence in support of his opinion, while giving some weight to Dr. Bangera's 2014 opinion,

5

which also contained few explanatory notes. However, the ALJ adequately explained why she weighed the two opinions differently. The ALJ stated that Dr. Bangera's 2014 opinion limiting plaintiff to full-time work at a medium exertional level was consistent with the RFC finding, whereas the significant limitations proposed by Dr. Bangera in 2015 were not supported by his objective examination findings. PAGEID 54. The ALJ also acknowledged that the 2014 opinion was not a function by function analysis, but that it was nonetheless "instructive on what the examining physician felt the claimant could perform." PAGEID 54.

The ALJ's decision also included a discussion of the objective medical evidence and other opinion evidence in the record. The evidence summarized by the ALJ further explains and supports the ALJ's decision to assign little weight to Dr. Bangera's 2015 opinion. The ALJ considered plaintiff's testimony concerning his symptoms, but concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence. PAGEID 52. The ALJ noted plaintiff's daily activities, which included driving, helping with dishes, running the sweeper, ironing, grocery shopping and going to the mall. PAGEID 52. The ALJ commented that plaintiff was diagnosed with osteoporosis and fractured his ribs in 2014 and 2015, but that medication was prescribed and a bone scan in April of 2015 showed a mild but statistically significant increase in bone density at the lumbar spine and hips. PAGEID 52. The ALJ further observed that Dr. Andreini's knee exams showed moderate tenderness of the left knee, but no swelling, instability, or atrophy, and a normal range of motion and strength. PAGEID 52-53. After an injection, plaintiff reported seventy-five percent

relief with improvement in walking.  PAGEID 53.

The ALJ considered the December 2014 consultative examination by Khalid Darr, M.D., who reported that plaintiff had a normal range of motion, gait, and upper and lower extremity strength with no atrophy, and that plaintiff could squat without difficulty. PAGEID 53.  The ALJ noted the opinions of Maureen Gallagher, D.O., and Paul Morton, M.D., the state agency medical consultants, who opined that plaintiff was capable of medium exertional work activity.  The ALJ considered the 2014 opinion of Dr. Andreini that plaintiff could not kneel or squat, but gave that opinion little weight because it was not supported by Dr. Andreini's own exam findings.  The ALJ sufficiently explained why Dr. Bangera's 2015 opinion was not supported by objective evidence in the record. Plaintiff's objections are not well taken.

III. Conclusion

For the reasons stated above, the court concludes that the ALJ gave good reasons, supported by substantial evidence, for the weight she assigned to Dr. Bangera's opinions.  The ALJ's non-disability finding is supported by substantial evidence.  The court overrules the plaintiff's objections (Doc. 15), and adopts and affirms the magistrate judge's report and recommendation (Doc. 14). The decision of the Commissioner is affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.

Date: March 4, 2019                    s/James L. Graham
                                       James L. Graham
                                       United States District Judge

7